1  MARC J. FAGEL (Cal Bar No. 154425)
2  JINA L. CHOI (NY Bar No. 2699718)
   SUSAN FLEISCHMANN (Cal. Bar No. 207194)
3
4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, 26th Floor
   San Francisco, California 94104
6  Telephone: (415) 705-2500
7  Facsimile: (415) 705-2501

8

9                     UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA
11                          OAKLAND DIVISION
12

13  SECURITIES AND EXCHANGE COMMISSION,   | Case No. CV11 0981
14              Plaintiff,                 | [PROPOSED] FINAL JUDGMENT AS
15       v.                                | TO STEVEN T. KOBAYASHI
16  STEVEN T. KOBAYASHI
17              Defendant.

18

19           **[PROPOSED] FINAL JUDGMENT AS TO STEVEN T. KOBAYASHI**

20       The Securities and Exchange Commission having filed a Complaint and Defendant
21  Steven T. Kobayashi ("Defendant") having entered a general appearance; consented to the
22  Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of
23  this Final Judgment as to Steven T. Kobayashi ("Final Judgment") without admitting or denying
24  the allegations of the Complaint (except as to jurisdiction); waived findings of fact and
25  conclusions of law; and waived any right to appeal from this Final Judgment:

26
27
28
                                            1                [PROPOSED] FINAL JUDGMENT

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(a)] by effecting transactions in or inducing or attempting to induce the purchase or sale of securities while not registered with the Commission as a broker or dealer or associated with an entity registered with the Commission as a broker-dealer.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from February 1, 2006, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Steven T. Kobayashi to Entry of Final Judgment, filed concurrently, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 4/26/2011 , _____

_____
UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL JUDGMENT